# ORIGINAL

Ford Elsaesser
Joseph Jarzabek
ELSAESSER JARZABEK ANDERSON MARKS & ELLIOTT, CHTD.
Attorneys at Law
Third & Lake Streets
P.O. Box 1049
Sandpoint, ID 83864
(208) 263-8517
Fax: (208) 263-0759

FEE PAID
RCPT # 11968

UNITED STATE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MARY LYNN FALLOW, | ) | CIV00-00  -0-  |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT TO ENFORCE** |
| | ) | **UNLIQUIDATED ARIZONA** |
| HERBALIFE INTERNATIONAL, | ) | **JUDGMENT** |
| INC. a Nevada Corporation; HERBALIFE | ) | |
| OF AMERICA, INC., a California | ) | Fee: |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Plaintiff, Mary Fallow, by and through her attorneys, ELSAESSER

JARZABEK ANDERSON MARKS & ELLIOTT, CHTD., and hereby complains and alleges as

follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Mary Fallow is an individual residing within the State of Idaho in the County

of Bonner and is a citizen of Idaho.

**COMPLAINT TO ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 1**

2.      Upon information and belief, Defendants Herbalife International, Inc. and Herbalife America, Inc. (hereinafter "Herbalife" or "Defendants") are business corporations incorporated under the laws of the State of Nevada and California, respectively, and are headquartered in the State of California.

3.      Defendants do substantial business in Idaho and have representatives and employees working in the State of Idaho.  Defendants derive significant profits from their business activities in Idaho, which activities are done for the purpose of realizing pecuniary benefit for Defendants and of enhancing the business purposes of Defendants.  Therefore, Defendants are subject to jurisdiction in the courts of Idaho pursuant to Idaho Code § 5-514 and under the Constitution of the United States.

4.      The amount in controversy in this action exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), and the parties are citizens of different states.  Therefore, jurisdiction in this Court is proper under principles of diversity jurisdiction as set forth in 28 U.S.C. § 1332.

5.      A substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the District of Idaho.  Therefore, venue in the District of Idaho is proper under the principles outlined in 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6.      Plaintiff re-alleges the allegations contained in Paragraphs 1-5 as if set forth in full herein.

7.      Mary Fallow brought a breach of contract claim against Defendants in Arizona as Maricopa County Case No. CV-03558, which was tried to Judge William Schafer and a jury

**COMPLAINT TO ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 2**

commencing October 26, 1998 in Maricopa County in the State of Arizona. The jury verdict was returned November 23, 1998. True and correct copies of the Judgment in Maricopa County Case No. CV-03558 entered July 22, 1999 by Superior Court Judge John Foreman, and the Supplemental Judgment in the same matter entered November 22, 1999 by Judge Foreman are attached hereto as Exhibits A and B, respectively, and incorporated herein by reference (hereinafter "Judgment"). The July 22, 1999 Judgment awarded Mary Fallow $620,000.00 plus interest. The November 22, 1999 Supplemental Judgment awarded Mary Fallow $279,000.00 in attorneys fees plus $26,347.10 in costs plus interest. This represents the liquidated portion of the Judgment and Supplemental Judgment against Defendants.

8.      The unliquidated portion of the Judgment was set forth in Paragraph 5 of the July 22, 1999 Judgment as follows: The Court finds and declares with regard to Count 12 of the Counterclaim that Mary Fallow has not breached her agreement with Herbalife and, therefore, Herbalife is obligated immediately to reinstate her to all the rights and privileges to which she is entitled as an Herbalife distributor and to pay her royalties, bonuses and other monies consistent with the terms of the distributorship agreement from and after November 23, 1998."

9.      After the judgment and the dismissal of Defendant's subsequent appeal, Defendant paid $1,063,738.90 to Mary Fallow in satisfaction of the liquidated portion of the Judgment. This amount also included the amount of attorneys fees which had been awarded to Mary Fallow under the Supplemental Judgment. It also included appropriate interest on the liquidated portion of the Judgment.

10.     However, Defendant has refused to pay the full amount of the unliquidated portion of the Judgment from November 23, 1998 through the end of January, 2001, and continuing to the

**COMPLAINT TO ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 3**

date of this Complaint. Defendant has made small payments, but has not paid the entire amount due under the Judgment, which are in excess of $75,000.00.

### CAUSE OF ACTION–LIQUIDATION OF AMOUNT DUE UNDER JUDGMENT

11.     Plaintiff re-alleges the allegations contained in Paragraphs 1-10 as if set forth fully herein.

12.     Plaintiff is entitled to an accounting and liquidation of the amount due under the Judgment. Defendant has refused to render such an accounting or pay the amount due under the unliquidated portion of the Judgment.

13.     Plaintiff has been forced to retain attorneys to enforce the Judgment in Idaho and is entitled to recover her attorneys fees and costs under Idaho Code § 12-120.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.     For judgment liquidating the amount due under the Judgment for all past-due amounts accruing between November 23, 1998 and the current date, including but not limited to past royalties bonuses, and other monies due Plaintiff.

2.     For judgment setting forth a formula under which future payments of all due amounts, including but not limited to royalties and bonuses, shall be paid to Plaintiff.

3.     For judgment awarding attorney fees and costs reasonably incurred by the Plaintiff in bringing this action, as set forth in Idaho Code § 12-120.

**COMPLAINT TO ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 4**

4.      For such other and further relief as this Court deems just and proper.


DATED this _____ day of February, 2001.

_____
Ford Elsaesser, Attorney for Mary Fallow


**COMPLAINT TO ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 5**

## VERIFICATION

Mary Lynn Fallow, being first duly sworn upon oath, deposes and says that she is the Plaintiff in this proceeding, has read the contents and averments of the Plaintiff's Complaint, and believes the same to be true and correct to the best of her knowledge and belief.

_Mary Lynn Fallow_
Mary Lynn Fallow

SUBSCRIBED AND SWORN to before me this _____ day of February, 2001.



_____
Notary Public in and for the State of Idaho
of Idaho.  Residing at: _____
My commission expires: _____

**COMPLAINT TO ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 6**