ORIGINAL

U.? ?????
'01 MAR 21 PM 3 16

?.?????  ?? ? ? BURKE
????? ?????

Ford Elsaesser
Joseph Jarzabek
ELSAESSER JARZABEK ANDERSON MARKS & ELLIOTT, CHTD.
Attorneys at Law
Third & Lake Streets
P.O. Box 1049
Sandpoint, ID 83864
(208) 263-8517
Fax: (208) 263-0759

## UNITED STATE FEDERAL DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY LYNN FALLOW, )<br><br>Plaintiff, )<br><br>vs. )<br><br>HERBALIFE INTERNATIONAL, )<br>INC. a Nevada Corporation; HERBALIFE )<br>OF AMERICA, INC., a California )<br>Corporation, )<br><br>Defendants. )<br>_____ ) | CASE NO. CIV 01-0073-N-EJL<br><br>**AMENDED COMPLAINT FOR:<br>BREACH OF CONTRACT AND TO<br>ENFORCE UNLIQUIDATED<br>ARIZONA JUDGMENT** |

COMES NOW Plaintiff, Mary Fallow, by and through her attorneys, ELSAESSER

JARZABEK ANDERSON MARKS & ELLIOTT, CHTD., and hereby complains and alleges as

follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Mary Fallow is an individual residing within the State of Idaho in the County

of Bonner and is a citizen of Idaho.

**AMENDED COMPLAINT FOR: BREACH OF CONTRACT AND TO
ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 1**

6

2.      Upon information and belief, Defendants Herbalife International, Inc. and Herbalife America, Inc. (hereinafter "Herbalife" or "Defendants") are business corporations incorporated under the laws of the State of Nevada and California, respectively, and are headquartered in the State of California.

3.      Defendants do substantial business in Idaho and have representatives and employees working in the State of Idaho. Defendants derive significant profits from their business activities in Idaho, which activities are done for the purpose of realizing pecuniary benefit for Defendants and of enhancing the business purposes of Defendants. Therefore, Defendants are subject to jurisdiction in the courts of Idaho pursuant to Idaho Code § 5-514 and under the Constitution of the United States.

4.      The amount in controversy in this action exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), and the parties are citizens of different states. Therefore, jurisdiction in this Court is proper under principles of diversity jurisdiction as set forth in 28 U.S.C. § 1332.

5.      A substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the District of Idaho. Therefore, venue in the District of Idaho is proper under the principles outlined in 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6.      Plaintiff re-alleges the allegations contained in Paragraphs 1-5 as if set forth in full herein.

7.      Mary Fallow brought a breach of contract claim against Defendants in Arizona as Maricopa County Case No. CV-03558, which was tried to Judge William Schafer and a jury commencing October 26, 1998 in Maricopa County in the State of Arizona. The jury verdict was

**AMENDED COMPLAINT FOR: BREACH OF CONTRACT AND TO
ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 2**

returned November 23, 1998.  True and correct copies of the Judgment in Maricopa County Case No. CV-03558 entered July 22, 1999 by Superior Court Judge John Foreman, and the Supplemental Judgment in the same matter entered November 22, 1999 by Judge Foreman are attached hereto as Exhibits A and B, respectively, and incorporated herein by reference (hereinafter "Judgment").  The July 22, 1999 Judgment awarded Mary Fallow $620,000.00 plus interest.  The November 22, 1999 Supplemental Judgment awarded Mary Fallow $279,000.00 in attorneys fees plus $26,347.10 in costs plus interest.  This represents the liquidated portion of the Judgment and Supplemental Judgment against Defendants.

8.      The unliquidated portion of the Judgment was set forth in Paragraph 5 of the July 22, 1999 Judgment as follows: The Court finds and declares with regard to Count 12 of the Counterclaim that Mary Fallow has not breached her agreement with Herbalife and, therefore, Herbalife is obligated immediately to reinstate her to all the rights and privileges to which she is entitled as an Herbalife distributor and to pay her royalties, bonuses and other monies consistent with the terms of the distributorship agreement from and after November 23, 1998."

9.      After the judgment and the dismissal of Defendant's subsequent appeal, Defendant paid $1,063,738.90 to Mary Fallow in satisfaction of the liquidated portion of the Judgment.  This amount also included the amount of attorneys fees which had been awarded to Mary Fallow under the Supplemental Judgment.  It also included appropriate interest on the liquidated portion of the Judgment.

10.     The unliquidated portion of the Judgment was based on a determination by the Jury that Herbalife had breached Plaintiff's contract in failing to terminate Tonni Riley's distributorship.  It was also based on a determination by the Jury that Herbalife had breached a third-party

**AMENDED COMPLAINT FOR: BREACH OF CONTRACT AND TO
ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 3**

beneficiary contract with Dan Fallow under which Herbalife agreed to terminate Tonni Riley's distributorship. Therefore, under the Judgment, Defendant is required to pay Plaintiff as if Tonni Riley's distributorship had been terminated. Failure to do so is a breach by Defendant of the express contract. Defendant has refused to pay the full amount of the unliquidated portion of the Judgment from November 23, 1998 through the end of January, 2001, and continuing to the date of this Amended Complaint and has refused to provide an accounting thereof. Defendant has made small payments, but has not paid the entire amount due under the Judgment, which are in excess of $75,000.00. Plaintiff does not have access to Defendants' records and cannot, therefore, estimate her damages exactly, except to state that they exceed the jurisdictional amount.

### CAUSE OF ACTION–LIQUIDATION OF AMOUNT DUE UNDER JUDGMENT

11.    Plaintiff re-alleges the allegations contained in Paragraphs 1-10 as if set forth fully herein.

12.    Plaintiff is entitled to an accounting and liquidation of the amount due under the Judgment. Defendant has refused to render such an accounting or pay the amount due under the unliquidated portion of the Judgment.

13.    Plaintiff has been forced to retain attorneys to enforce the Judgment in Idaho and is entitled to recover her attorneys fees and costs under Idaho Code § 12-120.

### CAUSE OF ACTION–POST-JUDGMENT BREACH OF CONTRACT

14.    Plaintiff re-alleges the allegations contained in Paragraphs 1-13 as if set forth fully herein.

**AMENDED COMPLAINT FOR: BREACH OF CONTRACT AND TO ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 4**

15.     Defendant's failure to pay Plaintiff under the distributorship agreement calculated as if Tonni Riley had been terminated is a continuing breach of contract resulting in damages to Plaintiff in excess of $75,000.00.

16.     Plaintiff has been forced by Defendants' breach of contract to retain attorneys to enforce the contract and to seek damages for its breach, and she is entitled to recover her attorneys fees and costs under Idaho Code § 12-120.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.     For judgment liquidating the amount due under the Judgment for all past-due amounts accruing between November 23, 1998 and the current date, including but not limited to past royalties bonuses, and other monies due Plaintiff.

2.     For judgment setting forth a formula under which future payments of all due amounts, including but not limited to royalties and bonuses, shall be paid to Plaintiff, including judgment declaring that Plaintiff is to be paid as if Tonni Riley were terminated.

3.     For judgment awarding attorney fees and costs reasonably incurred by the Plaintiff in bringing this action, as set forth in Idaho Code § 12-120.

4.     For such other and further relief as this Court deems just and proper.

DATED this _____ day of March, 2001.

Ford Elsaesser, Attorney for Mary Fallow

**AMENDED COMPLAINT FOR: BREACH OF CONTRACT AND TO ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 5**

## VERIFICATION

Mary Lynn Fallow, being first duly sworn upon oath, deposes and says that she is the Plaintiff in this proceeding, has read the contents and averments of the Plaintiff's Complaint, and believes the same to be true and correct to the best of her knowledge and belief.

_Mary Lynn Fallow_
Mary Lynn Fallow

SUBSCRIBED AND SWORN to before me this _19th_ day of March, 2001.

_Joyce M. Ferguson_
Notary Public in and for the State of Idaho
of Idaho.  Residing at: _Sandpoint_
My commission expires: _11-16-04_

JOYCE M. FERGUSON
NOTARY
PUBLIC
STATE OF IDAHO

**AMENDED COMPLAINT FOR: BREACH OF CONTRACT AND TO
ENFORCE UNLIQUIDATED ARIZONA JUDGMENT - 6**