ORIGINAL

JAMES L. MARTIN, ISB NO. 4226
MOFFATT THOMAS BARRETT ROCK
    & FIELDS, CHTD.
U.S. Bank Plaza Building
101 S. Capitol Blvd., 10th Flr.
P.O. Box 829
Boise, Idaho 83701-0829
Telephone: (208) 345-2000

MARK R. MCDONALD
ASAKO SAKAI
MORRISON & FOERSTER LLP
555 West Fifth Street
Suite 3500
Los Angeles, California 90013-1024
Telephone: (213) 892-5200

Attorneys for Defendants
HERBALIFE INTERNATIONAL, INC.,
and HERBALIFE INTERNATIONAL OF
AMERICA, INC.

U S DISTRICT &
BANKRUPTCY COURTS

01 APR 18 PM 5: 35

FILED DEPOSITORY IDAHO
Cameron S. Burke, Clerk

UNITED STATES FEDERAL DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY LYNN FALLOW,<br><br>    Plaintiff,<br><br>v.<br><br>HERBALIFE INTERNATIONAL, INC., a<br>Nevada Corporation; HERBALIFE<br>INTERNATIONAL OF AMERICA, INC., a<br>California Corporation,<br><br>    Defendants. | CASE NO. CIV 01-0073-N-EJL<br><br>**MEMORANDUM IN SUPPORT OF<br>DEFENDANTS' MOTION TO<br>DISMISS COMPLAINT PURSUANT<br>TO FRCP 12(b)(6)** |

## I. INTRODUCTION

Plaintiff Mary Fallow seeks to have this Court rewrite a 1999 Arizona state court judgment, which Defendants have satisfied, and award her additional damages that she requested in that Arizona action which the jury declined to award her. Plaintiff's claims are obviously barred by res judicata. Because Plaintiff's theories of recovery are barred as a matter of law, the

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT - 1
::ODMA\GRPWISE\MT.MTPO.BOI_MT1:341761.1

dismissal should be with prejudice so that the Court and Defendants do not have to expend additional resources on Plaintiff's patently frivolous action.

## II. STATEMENT OF FACTS

### A. Mary's Claim for Past and Future Damages in the Arizona Action

Plaintiff Mary Fallow ("Mary") sued Herbalife, a network marketing company that sells weight management products and dietary supplements through independent distributors, in Arizona Superior Court in February 1996 for, among other things, breach of contract and breach of contract as a third party beneficiary. In her Amended Complaint filed in the Arizona action, Mary alleged, among other things, that (a) her income as an Herbalife distributor depended, in part, on the earnings of her "downline," that is, Herbalife distributors she recruited to join Herbalife; (b) she had recruited Tonni Riley ("Riley") to be an Herbalife distributor; (c) Riley violated Herbalife's Rules of Conduct; (d) Herbalife had a contractual obligation to terminate Riley for her alleged violations; and (e) "Herbalife's failure to delete [Riley] caused Mary Fallow to lose approximately $3,240,000 in monthly royalties and bonuses to date . . . and lifetime earnings exceeding $12,000,000." (Arizona April 27, 1997 Amended Complaint for: Breach of Contract, etc. ("Ariz. Complaint") ¶¶ 86-95, see Ex. A to Req. for Jud. Notice, at 19-20).[1] Mary specifically requested, therefore, damages for future losses allegedly due to Herbalife's failure to terminate Riley.

In the Arizona action, Mary further alleged that (a) her husband, Dan Fallow ("Dan"), agreed to perform certain services for Herbalife in return for Herbalife's promise to terminate Riley's distributorship; (b) Mary was an intended third-party beneficiary of that alleged oral contract; (c) Dan performed the services; and (d) Herbalife failed to delete Riley. (Ariz. Complaint, ¶¶ 101, 104, Ex. A to Req. for Jud. Notice, at 21-22,.)

---

[1] On a motion to dismiss, the Court may consider facts which may be judicially noticed. *Mir v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988). The Court may take judicial notice of the court records from *Fallow v. Herbalife*, Superior Court of Maricopa County, State of Arizona, Case No. CV 96-03558. *See* Fed. R. Evid. 201.

Dan and Mary's son, Clint Fallow, also asserted numerous claims against Herbalife. Herbalife filed a counterclaim in the Arizona action alleging, among other things, that Mary had breached the Agreement of Distributorship.

### B. Mary's Evidence of Future Damages

At the Arizona trial, Mary proffered the testimony of an expert witness, Guy Mechlem, who had calculated how much Mary had been damaged by Herbalife's failure to terminate Riley. Mechlem testified that Mary's past damages due to Herbalife's failure to terminate Riley as an Herbalife distributor was in excess of $475,000. (Reporter's Transcript of Trial Testimony of Guy Mechlem, Ex. D to Req. for Jud. Notice, at 91-94, 98, 142.) Mechlem further testified that Mary suffered <u>future</u> damages, the amount of which should be calculated by projecting the annualized damages over the next 15 years of Mary's career. *Id.* at 94-106.

### C. The Judgment

After trial, the jury found on Mary's contract claims that Herbalife had breached the Agreement of Distributorship and awarded her $620,000 plus interest. (Arizona July 22, 1999 Judgment ("Judgment"), Ex. B to Req. for Jud. Notice, at 32-33.) The jury found against Herbalife on its counterclaim against Mary for breach of contract. (*Id.* at 32-33.) *See also* November 22, 1999 Supplemental Judgment, Ex. C. to Req. for Jud. Notice.

### D. Herbalife Satisfied the Judgment in Favor of Mary

Herbalife appealed the Arizona Judgment but, in its Opening Brief, elected not to challenge the verdicts in Mary's favor on the above-described claims. Accordingly, Mary moved to dismiss the appeal, and Herbalife satisfied the judgment by paying Mary $1,063,738.90. (Idaho Amended Complaint, ¶ 9.)

### E. Mary's Complaint in this Court

In her Amended Complaint filed in the case at bar, Mary admits that Herbalife paid $1,063,738.90, but alleges that Herbalife has not paid the

> unliquidated portion of the judgment . . . set forth in Paragraph 5 of
> the July 22, 1999 Judgment as follows: The Court finds and
> declares with regard to Count 12 of the Counterclaim that Mary

> Fallow has not breached her agreement with Herbalife and, therefore, Herbalife is obligated immediately to reinstate her to all the rights and privileges to which she is entitled as an Herbalife distributor and to pay her royalties, bonuses and other monies consistent with the terms of the distributorship agreement for and after November 23, 1998.

(Idaho Amended Complaint, ¶ 8.)

> Mary further alleges that

> [t]he unliquidated portion of the Judgment was based on a determination of the Jury that Herbalife had breached Plaintiff's contract in failing to terminate Tonni Riley's distributorship. It was also based on a determination by the Jury that Herbalife had breached a third-party beneficiary contract with Dan Fallow under which Herbalife agreed to terminate Tonni Riley's distributorship. Therefore, under the Judgment, Defendant is required to pay Plaintiff as if Tonni Riley's distributorship had been terminated.

(Idaho Amended Complaint, ¶ 10.)

In this action, therefore, Mary seeks the same damages for the same alleged misconduct that she sought in the Arizona action -- damages for Herbalife's failure to terminate Riley's distributorship.

> In her Amended Complainat, Mary prays for

> (i) "judgment liquidating the amount due under the judgment for all past-due amounts accruing between November 23, 1998 and the current date, including but not limited to past royalty bonuses, and other monies due Plaintiff" and (ii) "judgment setting forth a formula under which future payments of all due amounts, including but not limited to royalties and bonuses, shall be paid to Plaintiff . . ."

(Idaho Amended Complaint at 5, ¶¶ 1-2.)

### III. ARGUMENT

#### A. Plaintiff's Claims Are Barred by Res Judicata

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the laws of the state in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

Under Arizona law, "[t]he doctrine of res judicata will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Hall v. Lalli*, 194 Ariz. 54,57, 977 P.2d 776, 779 (Ariz. 1999). All the elements apply here: there was a judgment on the merits, the parties in the Arizona action are the same parties here, and the issue in this case was determined in the former action.

In the Arizona action, Plaintiff sued Herbalife for breach of contract on the grounds Herbalife should have terminated Tonni Riley's distributorship and alleged that "the failure to delete the Riley's interest in their distributorship caused Mary Fallow to lose approximately $3,240,000 in monthly royalties and bonuses to date . . . and lifetime earnings exceeding $12,000,000." (Ariz. Complaint, ¶ 94, Ex. A to Req. for Jud. Notice, at 18.) In her prayer, Mary Fallow sought "an amount exceeding $12,000,000 to be proven at trial." (Ariz. Complaint, ¶ 4, Ex. A to Req. for Jud. Notice, at 27.)

At trial, Plaintiff's expert testified Herbalife's failure to terminate Tonni Riley caused over $475,000 in past damages alone, and that her future damages included projection of the annualized damages over the next 15 years of Plaintiff's career. (Reporter's Transcript of Trial Testimony of Guy Mechlem, Ex. D to Req. for Jud. Notice, at 91-106, 142.) The jury awarded Plaintiff $620,000 plus interest. (Judgment, Ex. B to Req. for Jud. Notice, at 32-33.)

Now, in this case, Plaintiff is seeking damages for the same conduct for which she has already recovered damages -- Herbalife's failure to terminate Tonni Riley. Plaintiff has already been compensated for the money damages she did suffer and would suffer as a result of Herbalife's failure to terminate Tonni Riley. She cannot take a second bite at the apple now.

The Arizona judgment bars any claim for relief, no matter how labeled, by Mary against Herbalife for Herbalife's failure to terminate Tonni Riley's distributorship.

### B. Plaintiff Is Not Seeking to Enforce the Arizona Judgment; She Seeks to Modify It

Under Idaho law, a judgment creditor may seek to enforce a sister state judgment by filing a complaint or by filing the judgment under the Uniform Enforcement of Foreign

Judgments Act. *G&R Petroleum, Inc. v. Clements*, 127 Idaho 119, 120, 898 P.2d 50, 51 (1995). Under either method, after the sister state's judgment is recognized, the judgment creditor may enforce that judgment against the judgment debtor's property in Idaho as if the sister state judgment were an Idaho judgment. *Id.*

Here, Plaintiff has not filed this action so she can try to enforce the Arizona judgment on Herbalife's Idaho property. Rather, the purpose of Plaintiff's action is to ask this Court to enter a new and different judgment; a judgment "liquidating the amount due under the [Arizona] Judgment for all past-due amounts" and "setting forth a formula under which future payments of all due amounts . . . shall be paid to Plaintiff." (Idaho Amended Complaint, ¶¶ 1-2.) An action to enforce a sister state judgment is not a vehicle for having a second court in another jurisdiction rewrite another court's judgment. Such a claim is barred by the doctrine of *res judicata*.

## IV. CONCLUSION

This action is patently frivolous. It should be dismissed with prejudice.

Dated this 18th day of April, 2001.

       JAMES L. MARTIN
       MOFFATT THOMAS
       BARRETT ROCK & FIELDS, CHTD.

       MARK R. MCDONALD
       ASAKO SAKAI
       MORRISON & FOERSTER LLP

By: _____
   James L. Martin
   Attorneys for Defendants
   HERBALIFE INTERNATIONAL, INC.
   and HERBALIFE OF AMERICA, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of April, 2001, I caused to be served a true copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)** by the method indicated below, and addressed to the following:

| | |
|---|---|
| Ford Elsaesser<br>Joseph Jarzabek<br>ELSAESSER JARZABEK ANDERSON<br>MARKS & ELLIOTT, CHTD.<br>Third & Lake Streets<br>PO Box 1049<br>Sandpoint, ID 83864 | ( ) U.S. Mail,<br>( ) Postage Prepaid<br>(✔) Hand Delivered<br>(✗) Overnight Mail<br>(✗) Facsimile |

James L. Martin