**ORIGINAL**

U.S. COURTS
01 MAY -2 PM 4:19
REC'D_____FILED_____
CAMERON S. BURKE
CLERK            IDAHO
FAX FILED

Ford Elsaesser
Joseph Jarzabek
ELSAESSER JARZABEK ANDERSON MARKS & ELLIOTT, CHTD.
Attorneys at Law
Third & Lake Streets
P.O. Box 1049
Sandpoint, ID 83864
(208) 263-8517
Fax: (208) 263-0759

## UNITED STATES FEDERAL DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY LYNN FALLOW,<br><br>Plaintiff,<br><br>vs.<br><br>HERBALIFE INTERNATIONAL, INC. a Nevada Corporation; HERBALIFE OF AMERICA, INC., a California Corporation,<br><br>Defendants. | CASE NO. CIV 01-0073-N-EJL<br><br>OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM THEREON |

COMES NOW Plaintiff, Mary Fallow, by and through her attorneys ELSAESSER JARZABEK ANDERSON MARKS & ELLIOTT, CHTD., and hereby objects to Defendants' Motion to Dismiss her Complaint under Federal Rule of Civil Procedure 12(b)(6) and responds as follows:

**OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM THEREON- 1**

## I. APPLICABILITY OF RULE 12(b)(6)

The United States Supreme Court and the Ninth Circuit Court of Appeals have each described the conditions under which a motion to dismiss under Rule 12(b)(6) should be granted. The Supreme Court stated in a recent case, "Petitioners' amended complaint was dismissed for failure to state a claim upon which relief could be granted. *See* Fed. Rule Civ. Proc. 12(b)(6). Accordingly, we accept the allegations contained in their complaint as true for purposes of this case. *See United States v. Gaubert*, 499 U.S. 315, 327 (1991)." *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 475 (1999).

In *Davis v. Monroe County Board of Education*, 526 U.S. 629, 633 (1999), the Supreme Court wrote, "Petitioner's Title IX claim was dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Accordingly, in reviewing the legal sufficiency of petitioner's cause of action, 'we must assume the truth of the material facts as alleged in the complaint.' *Summit Health, Ltd., Pinhas*, 500 U.S. 322, 325 (1991)."

Under these two decisions, it is clear that the allegations made in Plaintiff's Amended Complaint must be regarded as true for purposes of ruling on Defendants' Motion to Dismiss.

The Ninth Circuit has further described the circumstances under which dismissal is proper by quoting the United States Supreme Court. In *Hall v. City of Santa Barbara*, 797 F.2d 1493, Fn. 9 (9th Cir. 1986), the Ninth Circuit quoted the United States Supreme Court as follows: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT
PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM
THEREON- 2

This Memorandum, Plaintiff's Amended Complaint, and the Affidavit of Mary Fallow, filed herewith, point out the facts upon which Plaintiff relies that will entitle her to relief. (Footnote 10 of *Pegram v. Herdrich*, 530 U.S. 211 (2000) indicates that a Plaintiff's response brief to a Defendant's motion to dismiss under Rule 12(b)(6) may be used to understand a Plaintiff's Complaint.) Because these facts must be considered true for the purposes of Defendants' motion, and because these facts, if true, constitute a valid cause of action, dismissal of Plaintiff's Complaint would be improper.

Those facts are as follows: (1) The jury verdict on which the July 22, 1999 Judgment, attached to Plaintiff's Amended Complaint, was based relied on a finding that the third-party beneficiary contract to terminate Tonni Riley had been breached, and the intent of the jury was to award damages based on that finding. *See* Plaintiff's Amended Complaint Paragraph 10. (2) The Judgment of July 22, 1999, does not specifically state whether the "rights and privileges . . . royalties, bonuses and other monies" to which Mary Fallow was entitled includes payment of royalties and bonuses as if Tonni Riley had been terminated. Therefore, it is ambiguous. (3) Mary Fallow believes that payments from Defendants to her, even if Tonni Riley were not considered terminated, are being understated and underpaid by Defendants.

## II. VERDICT BASED BOTH ON BREACH OF THIRD-PARTY BENEFICIARY CONTRACT AND DISTRIBUTORSHIP CONTRACT

The jury in the Arizona state court reached a verdict finding that Defendants had breached a third-party beneficiary contract whereby Defendants had agreed to terminate Tonni Riley in exchange for certain services by Daniel Fallow. (By terminating Tonni Riley, who was a distributor

OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT
PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM
THEREON- 3

below Mary Fallow, Tonni Riley's royalties and bonuses would "roll up" to Mary Fallow and increase her compensation. This is one of the "rights and privileges" to which Mary Fallow was entitled, since Tonni Riley had violated the rules of distributorship and was supposed to be terminated.) The jury also reached a verdict finding that Defendants had breached their contract with Mary by wrongfully suspending Mary Fallow's distributorship. *See* Judgment of July 22, 1999. The verdict on the third-party beneficiary claim was for $470,000.00. *See id.* The verdict on the breach of contract claim was for $150,000.00. *See id.*

Let's return to the third-party beneficiary contract verdict for $470,000.00. This verdict was based on two damage figures, both for past damages. The first figure was for the lost "tab team bonus" of $126,313.00 that Mary would have been paid up through trial had Tonni Riley been terminated. The second figure was for lost royalties in the amount of $347,385.00 that Mary would have been paid through trial had Tonni Riley been terminated as agreed by Defendants. Guy Mechlem, Plaintiff's expert witness at trial, testified to those two amounts. *See* Pages 53-54 of the Trial Transcript of Guy Mechlem testimony attached to Defendants' Brief as Exhibit D. The total of these two figures (rounded) is the past damages awarded for Herbalife's breach of the third-party beneficiary contract to terminate Tonni Riley, or $470,000.00.

With regard to the breach of contract claim, the jury awarded $150,000.00 to Mary Fallow for past damages. That verdict was based on evidence at trial, also discussed by Guy Mechlem, that Mary had lost $150,000.00 because of Herbalife's wrongful suspension of her distributorship. At pages 58 and 59 of Defendants' Exhibit D, which again is the transcript of Guy Mechlem's testimony, the figures of lost income to Mary were established. Before termination in 1996, Mary

**OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM THEREON- 4**

had earned $71,291 in 1992, $107,580 in 1993, $106,031 in 1994, and $69,293 in 1995 (for an average of approximately $88,000 annually). In 1996, her income dropped to $36,165, and in 1997 it was $28,862 (for an average of approximately $32,000). According to this evidence, Mary was losing well over $50,000.00 per year, and for the three years since termination, the jury awarded $50,000 per year, or $150,000.00.

Defendants' Memorandum at Page 3 is slightly misleading on the meaning of those two awards. The Memorandum simply states that Guy Mechlem testified that Mary's past damages were in excess of $475,000.00 and that the jury awarded $620,000.00. This leads the reader to believe that the difference of $150,000.00 was attributable to an award of future damages. However, that is not the case. The $150,000.00 comes from the award of past damages for wrongfully suspending Mary's distributorship.

In other words, the jury awarded a total of $620,000.00, and it was all attributable to past damages. No future damages were included in that award. While Guy Mechlem did testify as to future damages, the Judgment and verdict on future damages were not liquidated, but rather described in terms of proper payments of future "royalties, bonuses and other monies . . . ." Plaintiff believes those payments should be made as if Tonni Riley were terminated, since the jury obviously found that the third-party beneficiary contract had been breached and that Tonni Riley should have been terminated.

These facts, under the Supreme Court rulings discussed above, must be construed in favor of the Plaintiff, and dismissal under Rule 12(b)(6) is therefore improper.

**OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM THEREON- 5**

### III. JULY 22, 1999 JUDGMENT NOT EXPLICIT

The July 22, 1999 Judgment does not state whether or not "royalties, bonuses and other monies" are to be paid based on the termination of Tonni Riley. However, because the entire verdict was based on a finding that Tonni Riley should have been terminated, the Judgment language requiring payment of future monies implicitly includes that requirement.

When a judgment is ambiguous, the court asked to determine the judgment's meaning may look to the circumstances surrounding the judgment to determine its meaning. *See Lester v. Lester*, 658 P.2d 915, 104 Idaho 244 (1983). In this case the meaning of the Judgment is ambiguous, as set forth above. Therefore, the facts and circumstances surrounding the Judgment should be reviewed. In another case, in *Boundary County, Idaho v. Wolson*, 49 F. Supp. 600, *aff'd* 144 F.2d 17, *cert. den'd* 324 U.S. 843 (1943), the Idaho Supreme Court ruled that a judgment or decree must be construed as a whole so that every word or part has meaning. In this case the other portions of the Judgment clearly indicate that the jury found that Tonni Riley should have been terminated, and those portions of the Judgment must be considered in construing the Judgment as a whole.

The action of reviewing the intended meaning of a judgment necessarily results in a finding of fact that in a Rule 12(b)(6) context can only be construed against Defendants. In fact, the alleged meaning must be accepted as fact under the cases set forth in Section I, *supra*. Therefore, a dismissal under Rule 12(b)(6) would be improper.

### IV. MARY FALLOW SEEKS TO VERIFY AMOUNTS PAID

Even if this Court determines that the July 22, 1999 Judgment is not to be construed to require payments as if Tonni Riley were terminated, Mary Fallow still believes Defendants are

**OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM THEREON- 6**

discriminating against her, as opposed to non-litigating distributors, and that she has not been paid the total amount due her on her other items of business with Defendants. (*See* Paragraph 12 of Plaintiff's Amended Complaint.) Because of the discord between Defendants and Mary Fallow and the refusal of Herbalife to verify that the amounts paid her are correct, even assuming that Tonni Riley is not to be terminated, Plaintiff has no other method of verifying that correct payments are being made.

Mary's income since the verdict in this case has not increased in any significant manner, notwithstanding the jury verdict awarding $150,000 for past damages on that count. As set forth in Section II, above, Mary's 1996 income was just over $36,000.00. Her annualized income in the year 2001 based on recent months will not be significantly higher. *See* Affidavit of Mary Fallow filed herewith. This is inconsistent with a finding of $150,000 in past damages, which was determined without reference to the termination of Tonni Riley. Therefore, even if Tonni Riley were not to be terminated, Mary's annual income should be significantly greater, and this fact issue remains.

## V. DEFENDANTS' ARGUMENTS

Defendants' Memorandum in Support of its Motion to Dismiss under Rule 12(b)(6) claims that the relief requested in Mary Fallow's Amended Complaint is barred by principles of *res judicata*. Defendants claim that the amounts awarded by the Arizona state court were in complete liquidation of all amounts due Mary Fallow. Mary Fallow does not argue with the principles and cases regarding *res judicata* outlined in Defendants' Memorandum. However, if those principles were applied as outlined in Defendants' Memorandum, there would be no remaining liability to Mary Fallow. Yet Defendants are cutting a check to Mary Fallow every month for continuing

**OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM THEREON- 7**

amounts due her. If Defendants' liability were completely liquidated, as claimed, why would these payments be continuing?

The answer is that the Judgment did not liquidate all of Herbalife's liability. It liquidated only past damages and required that future "royalties, bonuses and other monies" be paid under the distributorship agreement. Under Defendants' reasoning, Defendants could pay Mary Fallow $1.00 per month in compensation and then invoke *res judicata* to avoid any litigation on the improper payment.

Defendants cite *Hall v. Lalli*, 194 Ariz. 54, 57, 977 P.2d 776, 779 (Ariz. 1999) as follows: "The doctrine of res judicata will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." Plaintiff agrees that the merits of the case have been litigated already. However, in this case the judgment liquidated only past damages and required that future monies be paid appropriately. However, that provision was ambiguous and must be construed by reference to the circumstances surrounding its issuance. The principles of *res judicata* do not prevent this case from proceeding.

## VI. CONCLUSION

This Court is being asked to determine what the Arizona Court meant when it said that all "royalties, bonuses and other monies" under the distributorship agreement are to be paid in the future. This Court cannot make that determination based on the pleadings. It must at least look at the verdicts, review the trial transcripts, and understand the nature of the Arizona case as discussed above to reach its conclusion. That process precludes dismissal under Rule 12(b)(6).

**OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM THEREON- 8**

In addition, this Court is being asked to find that Defendants have failed to pay Mary Fallow the proper amounts, even assuming that Tonni Riley is not to be terminated. Mary asks to be allowed, via this process, to be allowed to review Defendants' records to verify that the amounts she is receiving are correct and according to contract, even without a termination of Tonni Riley. Again, such a process precludes dismissal under Rule 12(b)(6).

This case may be susceptible to a motion for summary judgment, but a mere review of Plaintiff's pleadings will not yield a sufficient understanding of the meaning of the July 22, 1999 Judgment. Thus, Defendants' Motion to Dismiss under Rule 12 (b)(6) should be denied.

DATED this 2nd day of May, 2001.

                                                _____
                                                Doug B. Marks

**OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM THEREON- 9**

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing was faxed and mailed, postage prepaid, this ___2nd___ day of May, 2001, to the following:

Mark McDonald
Asako Sakai
Morrison & Foerster
555 W. 5th Street #3500
Los Angeles, CA 90013-1024
Fax:    (213) 892-5454

James L. Martin
Moffatt Thomas Barrett Rock & Fields, Chtd.
P.O. Box 829
Boise, ID 83701-0829
Fax:    (208) 385-5384

*Doug B. Marks*
Doug Marks

OBJECTION AND RESPONSE TO THE MOTION TO DISMISS COMPLAINT
PURSUANT TO FRCP 12(b)(6) FILED ON APRIL 18, 2001 AND MEMORANDUM
THEREON- 10