
ORIGINAL

James L. Martin, ISB No. 4226
MOFFATT THOMAS BARRETT ROCK & FIELDS, CHTD.
101 South Capitol Boulevard
10th Floor, P.O. Box 829
Boise, Idaho 83701-0829
Telephone: (208) 345-2000

Mark R. McDonald
Asako Sakai
MORRISON & FOERSTER LLP
555 West Fifth Street
Suite 3500
Los Angeles, California 90013-1024
Telephone: (213) 892-5200

Attorneys for Defendants
HERBALIFE INTERNATIONAL, INC.
and HERBALIFE OF AMERICA, INC.

U S DISTRICT &
BANKRUPTCY COURTS

01 MAY 18 PM 5: 45

FILED DEPOSITORY IDAHO
Cameron S. Burke, Clerk

## UNITED STATES FEDERAL DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY LYNN FALLOW,<br><br>        Plaintiff,<br><br>v.<br><br>HERBALIFE INTERNATIONAL, INC.,<br>a Nevada Corporation; HERBALIFE<br>INTERNATIONAL OF AMERICA, INC.,<br>a California Corporation,<br><br>        Defendants. | CASE NO. CIV 01-0073-N-EJL<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS** |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF THE MOTION TO DISMISS**

BOI_MT1:346257.1

/7

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................. 1

ARGUMENT ...................................................................... 1

I. PLAINTIFF'S CLAIM FOR "POST-JUDGMENT BREACH
   OF CONTRACT" IS BARRED BY RES JUDICATA ............................ 1

   A. Plaintiff Could Have and Did Litigate the Issue of Damages,
      Past and Future, Caused by Herbalife's Failure to Terminate Riley ........... 1

   B. Plaintiff's Speculation About the Arizona Jury's Intent Is Irrelevant ........... 4

   C. Plaintiff's Affidavit Is Inadmissible and Should Be Stricken ................. 5

II. PLAINTIFF'S ALLEGATIONS FOR "LIQUIDATION OF AMOUNT
    DUE UNDER JUDGMENT" DO NOT STATE A CLAIM ....................... 5

   A. There Is No Claim for Relief Called "Liquidation of Amount
      Due Under Judgment" ................................................ 5

   B. The Arizona Judgment Is Neither "Ambiguous" Nor "Unliquidated" .......... 6

   C. The Cases Plaintiff Cites Are Not Applicable ............................. 7

CONCLUSION ................................................................... 8

## INTRODUCTION

Plaintiff's Opposition tries to evade the obvious res judicata problem by (i) guessing the Arizona jury did not include any award for future damages in its $620,000 verdict, and (ii) asserting the judgment is "ambiguous," and needs to be clarified by this Court. Even if these contentions were true, which they are not, they are completely irrelevant for res judicata purposes. The issue is whether Plaintiff's claim in this action -- that she has suffered damages by Herbalife's failure to terminate Tonni Riley -- was or could have been litigated in the earlier Arizona action she filed. The answer, of course, is that her claim here is precisely the same as the claim she litigated in Arizona. It is irrelevant whether the Arizona jury (i) decided to reject her claim for $12 million in future damages and awarded her $0 for future damages as Plaintiff speculates, or (ii) allocated some part of the $620,000 award for future damages. What matters is only that Plaintiff not only could have sought future damages in the Arizona action but explicitly did so -- in her complaint, in the initial disclosure statement, in the joint pretrial statement, in counsel's opening statement, and counsel's closing argument. She cannot now seek more money for the exact same claim in a federal court under the pretext of "enforcing" the state court judgment that was fully satisfied.

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR "POST-JUDGMENT BREACH OF CONTRACT" IS BARRED BY RES JUDICATA

#### A. Plaintiff Could Have and Did Litigate the Issue of Damages, Past and Future, Caused by Herbalife's Failure to Terminate Riley

Plaintiff concedes she sought and presented evidence for past *and future* damages for those counts and that the jury awarded her $620,000 for those counts. (Opp'n at 5.) Yet Plaintiff asserts she is entitled to more money for future damages in this action because the jury

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THE MOTION TO DISMISS - 1**

awarded her only *past* damages and "must have" denied her any award for future damages. Plaintiff misapprehends the doctrine of res judicata.

> As explained in the Motion, the law of res judicata in Arizona is this:
>
> > The doctrine of *res judicata* rests upon the ground that the party to be affected . . . has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. . . . Where the cause of action in the second action is the same as that in the first action, a final judgment in the latter upon the merits is a complete bar to the maintenance of the second action.

*Lauderdale v. Indus. Comm'n of Arizona*, 139 P. 2d 449, 450-51 (Ariz. 1943). Thus, res judicata is a broad concept that applies not only to matters that were actually litigated but *could have been* litigated between the same parties in the previous action. The doctrine is firmly grounded on "public policy and the interest of litigants . . . that there be an end to litigation." *Id.*

Application of this rule to Plaintiff's case is a simple matter. Here, Plaintiff seeks to recover future damages for Herbalife's failure to terminate Tonni Riley - the exact same damages for the exact same claim she not only had an opportunity to litigate but *actually did litigate fully* in the Arizona action. The issue of future damages was squarely before the court and the jury *throughout* the Arizona action. *See, e.g.*, Ariz. Compl., 94, 122, 125, Ex. A to Req. for Judicial Notice filed concurrently herewith ("Req. Jud. Notice II"), at 20, 24-25; prayer, 3,4, *id.* at 28; Plaintiff's Initial Disclosure Statement, Ex. B to Req. Jud. Notice II, at 53, 87; Joint Pretrial Statement, Ex. C to Req. Jud. Notice II, at 104-105; Reporter's Transcript of Trial Testimony of Guy Mechlem, Ex. D. to Req. for Jud. Notice filed with the Motion to Dismiss ("Req. Jud. Notice I"), at 53-67; Reporter's Transcript of Plaintiff's Closing Argument, Ex. D to

Req. Jud. Notice II at 235-38.) In the Complaint in Arizona, Plaintiff unequivocally sought future damages for Herbalife's failure to terminate Riley:

> Mary's financial losses were horrendous. From 1992 through January of 1995, Herbalife's failure to delete the Riley's interest in their distributorship caused Mary Fallow to lose approximately $3,240,000 in monthly royalties and bonuses to date (which was diverted to the favored Petersons), *and lifetime earning exceeding $12,000,000.*

(Ariz. Compl., 94, Ex. A to Req. Jud. Notice II, at 20) (emphasis added). Similarly in the closing statement, Plaintiff's counsel argued as follows:

> So what did Mr. Mechlem do for you to try to help you understand what Mary Fallow would have earned if Tonni Riley had been terminated. . . . So how do we calculate these damages. How do we figure out what she would have made. . . . We know she would have gotten an additional 475,000 for three years. We just know that. . . . And then going down to the future, we know she would have got at least another 480,000 a year, plus the Presidents Team Bonus, plus that additional two percent of that $37 million organization, which you would be fair to compute back to maybe one percent. That's what we know. That's what we know. It goes down another 15 years. It's too bad we don't know the rest of the information, too bad Herbalife didn't give it to us. It's too bad we couldn't put it up. But this is what we know and this is enough to calculate damages.

(Reporter's Transcript of Plaintiff's Closing Argument, Ex. D to Req. Jud. Notice II at 235-38). As a result of Plaintiff's full litigation of the issue of future damages, the jury awarded her $470,000 for Plaintiff's breach of contract claim (Count 4) and $150,000 for breach of third-party beneficiary contract (Count 5). Plaintiff may be disappointed in the amount of recovery, but the law is clear that she cannot re-litigate the same issue with hope for better luck in another jurisdiction.

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THE MOTION TO DISMISS - 3**

### B. Plaintiff's Speculation About the Arizona Jury's Intent Is Irrelevant

In her Opposition, Plaintiff spends over two pages guessing at the bases of the jury verdict awarding her damages for Counts 4 (breach of contract) and 5 (breach of third-party beneficiary contract) of her complaint in the Arizona action. (Opp'n at 3-5.) Plaintiff's argument that the jury awarded $470,000 solely for past damages because her expert testified that the amount of past damages was $475,000 is utterly irrelevant for the purpose of res judicata. No one knows how the jury reached the amount of $470,000. The jury is not required to explain the basis for the amount they decide to award. The $470,000 could very well have been for past and future damages. Or Plaintiff could be right that it was entirely for past damages, because the jury decided not to award her future damages. The point here is that all such speculation is irrelevant, so long as Plaintiff had an opportunity to litigate the future damages issue -- which she did. Even if the jury awarded her nothing at all, Plaintiff would still be precluded from re-litigating the issue in a second action in another jurisdiction.

Plaintiff also asserts that the $150,000 award for Count 5 was "determined without reference to the termination of Tonni Riley," because it was a claim for Herbalife's suspension of Plaintiff's distributorship. (Opp'n at 7.) This assertion is false, although its veracity is again irrelevant for res judicata purposes. As the Joint Pretrial Statement clearly shows, Count 5 involved multiple issues, including Herbalife's (i) alleged suspension of Plaintiff's distributorship *and (ii) Herbalife's failure to terminate Tonni Riley.* (Joint Pretrial Statement, Ex. C to Req. Jud. Notice II, at 104-105.) In fact, Plaintiff's own expert in the trial never discussed the damages for the suspension of distributorship; all his testimony, even the parts Plaintiff cites to in the Opposition, involves his attempt to ascertain damages regarding the Tonni Riley matter. (Reporter's Transcript, Ex. D. to Req. Jud. Notice I, at 53-67.) Plaintiff's

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THE MOTION TO DISMISS - 4**

attempt to distort the trial records, though futile and irrelevant, only magnifies the frivolity of this present action.

### C. Plaintiff's Affidavit Is Inadmissible and Should Be Stricken

The affidavit of Mary Fallow attached to Plaintiff's Opposition is inadmissible extrinsic evidence and should be stricken in its entirety. The only matters the Court may consider in a Motion to Dismiss are the complaint, the exhibits attached thereto, and matters of public record of which the Court may take judicial notice. *See Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 (9th Cir. 1998) ("Ordinarily, the face of the plaintiff's complaint . . . and the exhibits attached thereto . . . would control the Rule 12(b)(6) inquiry"); *Mack v. South Bay Beer Distrib., Inc.,* 798 F. 2d 1279, 1282 (9th Cir. 1986) ("On a motion to dismiss . . ., a court may take judicial notice of facts outside the pleadings").

The Fallow affidavit adds nothing to the Opposition in any event. Her testimony that she currently feels underpaid by Herbalife because she feels she should be paid as if Tonni Riley were terminated certainly does not overcome the res judicata bar against re-litigation, as explained above.

Because the Fallow affidavit is extrinsic evidence that is inadmissible in the context of a motion to dismiss, and because it adds nothing to the Opposition, Herbalife requests the Court to strike the affidavit.

### II. PLAINTIFF'S ALLEGATIONS FOR "LIQUIDATION OF AMOUNT DUE UNDER JUDGMENT" DO NOT STATE A CLAIM

#### A. There Is No Claim for Relief Called "Liquidation of Amount Due Under Judgment"

Plaintiff does not identify any authority suggesting there is a claim for relief styled "liquidation of amount due under judgment." Nor does Plaintiff identify what the elements of

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THE MOTION TO DISMISS - 5**

such a claim might be. Indeed, Plaintiff does not even mention this purported claim for relief or offer any legal authority or argument to support it. The Court should conclude that Plaintiff has abandoned this purported claim for relief, which adds nothing to Plaintiff's complaint in any event.

### B. The Arizona Judgment Is Neither "Ambiguous" Nor "Unliquidated"

The part of the Arizona Judgment Plaintiff asserts is "ambiguous" and "unliquidated" is, again, this:

> *The Court finds and declares with regard to Count 12 of the Counterclaim* that Mary Fallow has not breached her agreement with Herbalife and, therefore, Herbalife is obligated immediately to reinstate her to all the rights and privileges to which she is entitled as an Herbalife distributor and to pay her royalties, bonuses and other monies consistent with the terms of the distributorship agreement for and after November 23, 1998.

(Ariz. Judgment. 8) (emphasis added). There is nothing ambiguous about it. As the plain language here indicates, this entire part of the judgment was rendered for *Herbalife's counterclaim* against Plaintiff for breach of contract. Plaintiff would have this Court "interpret" this paragraph of the Judgment to mean that Herbalife had to pay Plaintiff royalties and bonuses in the future as if Tonni Riley were terminated. Such an interpretation is completely illogical. *First*, this paragraph does not say any such thing. *Second*, the jury could not have rendered such a verdict on *Herbalife's* counterclaim for Plaintiff's alleged breach of contract. *Third*, such an interpretation would constitute a double recovery, since Plaintiff specifically requested, in her claims for relief, future damages caused by Herbalife's failure to terminate Riley.

The part of the Judgment concerning Plaintiff's recovery on her claims is unambiguous - she was awarded $620,000. If the jury intended to award her "unliquidated" future damages in addition to the $620,000, it would have done so in response to her two causes

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THE MOTION TO DISMISS - 6**

of action against Herbalife. The fact that they did not means that they only awarded her $620,000, no more or no less.

### C. The Cases Plaintiff Cites Are Not Applicable

The two cases Plaintiff cites in her Opposition, *Lester v. Lester* and *Boundary County, Idaho v. Woldson* are inapposite. *Lester* involved an enforcement of a marriage dissolution judgment, issued by an Idaho state court, that incorporated the parties' oral agreement on matters like child support. *Lester v. Lester*, 104 Idaho 244 (1983). Upon finding the word "income" in the judgment ambiguous when attempting to enforce it, the court held that it could look to evidence to determine what the parties meant by "income" when they reached the agreement. *Id.* at 245. This case has no applicability here because the Arizona judgment is not ambiguous. As explained above, there is no judgment for Plaintiff to enforce here, ambiguous or otherwise, other than the unambiguous jury award of $620,000, which has been fully satisfied. Moreover, as explained in the Motion to Dismiss, the applicable law here on enforceability of judgment is the Arizona law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the laws of the state in which the judgment was rendered"). *Lester*, which involved an Idaho judgment, does not control.

*Boundary County* says, as Plaintiff states, that "[a] judgment or decree must be construed as a whole so as to give effect to every word and part." *Boundary County, Idaho v. Woldson,* 49 F. Supp. 600, 603 (D. Idaho 1943). This language certainly does not make the parts of the Arizona Judgment *rendered in response to Herbalife's counterclaim against Plaintiff* "enforceable" by Plaintiff. The key question in this case is *whether* there is any part of the

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THE MOTION TO DISMISS - 7**

*Arizona* Judgment left to be "enforced" at all. *Lester* and *Boundary County* do not touch upon this issue, but only on *how* to interpret *Idaho* judgments that are by nature enforceable.

## CONCLUSION

For the foregoing reasons, Herbalife respectfully requests that the Court dismiss this action with prejudice.

Dated this 18th day of May, 2001.

>MARK R. MCDONALD
>ASAKO SAKAI
>MORRISON & FOERSTER LLP
>
>MOFFATT, THOMAS, BARRETT, ROCK &
>   FIELDS, CHARTERED
>
>By_____
>James L. Martin - Of the Firm
>Attorneys for Defendant

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THE MOTION TO DISMISS - 8**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of May, 2001, I caused to be served a true copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS** by the method indicated below, and addressed to the following:

Ford Elsaesser
Joseph Jarzabek
ELSAESSER JARZABEK ANDERSON
MARKS & ELLIOTT, CHTD.
Third & Lake Streets
PO Box 1049
Sandpoint, ID 83864

(✓) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Kelly M. Garrity for
James L. Martin