Rec'd U.S. Courts
Filed
MAY 29 2001
Cameron S. Burke
Clerk, Idaho

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY LYNN FALLOW, ) | |
| Plaintiff, ) | Case No. CV01-73-N-EJL |
| vs. ) | ORDER |
| HERBALIFE INTERNATIONAL INC., et al, ) | |
| Defendants. ) | |

Pending before the Court in the above-entitled matter is Defendants Herbalife's[1] Motion to Dismiss (Docket No. 8). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

---

[1] Defendants Herbalife are individually identified as Herbalife International, Inc., a Nevada Corporation, and Herbalife International of America Inc., a California Corporation.

ORDER - Page 1
01ORDERS\FALLOW.WPD

Defendants Herbalife move to dismiss the Amended Complaint of Mary Lynn Fallow (hereinafter referred to as "Plaintiff" or "Ms. Fallow") for the reason that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Docket No. 8 at 1-2. Specifically, Defendants assert that Plaintiff's claims are barred by the doctrine of *res judicata*. Id. at 2.

## I.   BACKGROUND AND PROCEDURAL HISTORY[2]

Ms. Fallow sued Defendant Herbalife, a network marketing company that sells weight management products and dietary supplements through independent distributors, in Arizona Superior Court in February 1996 for, *inter alia*, breach of contract and breach of contract as a third party beneficiary. In her Amended Complaint filed in the Arizona action, Ms. Fallow alleged, *inter alia*, that (a) her income as an Herbalife distributor depended, in part, on the earnings of her "downline," that is, Herbalife distributors she recruited to join Herbalife; (b) she had recruited Tonni Riley ("Riley") to be an Herbalife distributor; (c) Riley violated Herbalife's Rules of Conduct; (d) Herbalife had a contractual obligation to terminate Riley for her alleged violations; and (e) Herbalife's failure to delete Riley caused Ms. Fallow to lose approximately $3,240,000 in monthly royalties and bonuses to date . . . and lifetime earnings exceeding $12,000,000." Docket No. 10, Ex. A at ¶¶ 86-95.

In the Arizona action, Ms. Fallow further alleged that (a) her husband, Dan Fallow, agreed to perform certain services for Herbalife in return for Herbalife's promise to terminate Riley's distributorship; (b) Ms. Fallow was an intended third-party beneficiary of that alleged oral contract; (c) Dan Fallow performed the services; and (d) Herbalife failed to delete Riley. Id. at ¶¶ 101, 104.

Ms. Fallow's son, Clint Fallow, also asserted numerous claims against Herbalife. Id. at ¶¶ 105-118. Herbalife filed a counterclaim in the Arizona action alleging, *inter alia*, that Ms. Fallow had breached the Agreement of Distributorship.

At the Arizona trial, Ms. Fallow proffered the testimony of an expert witness, Guy Mechlem, who had calculated how much Ms. Fallow had been damaged by Herbalife's failure to terminate Riley. Mr. Mechlem testified that Ms. Fallow's past damages due to Herbalife's failure to terminate Riley as an Herbalife distributor was in excess of four-hundred seventy-five thousand dollars. Id..,

---

[2] The background and procedural history of this case do not appear to be in dispute.

Ex. D, Trial Tr. at 91-94, 98, 142. Mr. Mechlem further testified that Ms. Fallow suffered future damages, the amount of which should be calculated by projecting the annualized damages over the next fifteen (15) years of Ms. Fallow's career. Id. at 94-106.

After trial, the jury found on Ms. Fallow's contract claims that Herbalife had breached the Agreement of Distributorship and awarded her six-hundred twenty-thousand dollars ($620,000.00) plus interest. Id., Ex. B, Arizona 1999 Judgment, at 32-33. The jury found against Herbalife on its counterclaim against Ms. Fallow for breach of contract. Id.

Herbalife appealed the Arizona Judgment but elected not to challenge the verdict in Ms. Fallow's favor on the above-described claims. Accordingly, Ms. Fallow moved to dismiss the appeal, and Herbalife attempted to satisfy the judgment by paying Ms. Fallow one-million sixty-three thousand, seven-hundred thirty-eight dollars and ninety cents ($1,063,738.90). Docket No. 5 at ¶ 9.

In the case presently before this Court, Ms. Fallow concedes that Herbalife made the payment previously described.[3] However, Ms. Fallow alleges that Defendant has failed to pay:

> [t]he unliquidated portion of the Judgment . . . set forth in Paragraph 5 of the July 22, 1999 Judgment as follows: The Court finds and declares with regard to Count 12 of the Counterclaim that Mary Fallow has not breached her agreement with Herbalife and, therefore, Herbalife is obligated immediately to reinstate her to all the rights and privileges to which she is entitled as an Herbalife distributor and to pay her royalties, bonuses and other monies consistent with the terms of the distributorship agreement for and after November 23, 1998.

Docket No. 5, ¶ 8.

Ms. Fallow further alleges:

> [t]he unliquidated portion of the Judgment was based on a determination of the Jury that Herbalife had breached Plaintiff's contract in failing to terminate Tonni Riley's distributorship. It was also based on a determination by the Jury that Herbalife had breached a third-party beneficiary contract with Dan Fallow under which Herbalife agreed to terminate Tonni Riley's distributorship. Therefore, under the Judgment, Defendant is required to pay Plaintiff as if Tonni Riley's distributorship had been terminated.

Docket No. 5, ¶ 10.

Ms. Fallow, in her Amended Judgment, has prayed for:

---

[3] See Docket No. 5, ¶ 9 (noting that "Defendant paid $1,063,738.90 to Mary Fallow in satisfaction of the liquidated portion of the Judgment. This amount also included the amount of attorneys fees which had been awarded to Mary Fallow under the Supplemental Judgment. It also included appropriate interest on the liquidated portion of the Judgment.")

> (1) "judgment liquidating the amount due under the judgment for all past-due amounts accruing between November 23, 1998 and the current date, including but not limited to past royalty bonuses, and other monies due Plaintiff," and (2) "judgment setting forth a formula under which future payments of all due amounts, including but not limited to royalties and bonuses, shall be paid to Plaintiff . . ."

Docket No. 5 at 5, ¶¶ 1-2.

## II. ANALYSIS

Defendant Herbalife argues that Plaintiff's breach of contract is barred by the doctrine of *res judicata* because she has already recovered damages for the conduct alleged in her amended complaint, that is, Herbalife's failure to terminate Toni Riley. Docket No. 9 at 4-5. Defendant further argues that despite the label attached to Plaintiff's Amended Complaint, Plaintiff has filed the present action to ask this Court to modify the Arizona Judgment by entering a judgment "liquidating the amount due under the [Arizona] Judgment for all past-due amounts" and "setting forth a formula under which future payments of all due amounts . . . shall be paid to Plaintiff." Id. at 5-6. Plaintiff argues that she is asking this Court to clarify the Arizona Court Judgment and to issue an Order finding that Defendant Herbalife's payments are being understated and underpaid. Docket No. 11 at 6-9. Plaintiff further argues that dismissal would be improper because, taking all facts as true for the purposes of Defendant Herbalife's motion, Plaintiff has a valid cause of action.

### A. Motion to Dismiss Standard

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Clegg v. Cult Awareness Network, 18 F. 3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. See, Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1991), cert. denied, 506 U.S. 909 (1992). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990). While amendments are liberally permitted under Rule 15(a), the district court may deny leave to amend when there has been an undue delay in bringing the motion, and the opposing party would be

ORDER - Page 4
01ORDERS\FALLOW.WPD

unfairly prejudiced by the amendments. See, United States v. Pend Oreille Pub. Util. Dist. No. 1, 28 F.3d 1544, 1552-53 (9th Cir. 1994), cert. denied, 115 S.Ct. 1356 (1995).

While no party has specifically raised this issue, this Court finds it relevant to note that federal district courts are courts of original, not appellate, jurisdiction. See 28 U.S.C. §§ 1331, 1332; Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416, 44 S. Ct. 149 (1982) (holding that federal statutory jurisdiction over direct appeals from state courts lies exclusively in the Supreme Court and is beyond the original jurisdiction of federal district courts.); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87, 103 S. Ct. 1303 (1983) (holding that the Rooker jurisdictional bar extends to particular claims that are "inextricably intertwined" with those a state court has already decided.) Thus, it follows that federal district courts have "no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986). Direct federal appellate review of state court decisions must occur, if at all, in the Supreme Court. See 28 U.S.C. § 1257.

The Court recognizes that, under Idaho law, a judgment creditor may seek to enforce a sister state judgment by filing a complaint or by filing the judgment under the Uniform Enforcement of Foreign Judgments Act. See G&R Petroleum, Inc. v. Clements, 127 Idaho 119, 120, 898 P.2d 50, 51 (1995). Here however, Plaintiff's request for enforcement is inextricably intertwined with her argument that said Judgment is "ambiguous"[4] and her request for clarification and/or modification of the Arizona state court judgment - something this Court has no jurisdiction to do.

Accordingly, the Court finds that Ms. Fallow can prove no set of facts in support of her claim that would entitle her to relief.

---

[4] See e.g., Docket No. 11 at 3; id. at 6 (stating "[t]he July 22, 1999 Judgment does not state whether or not "royalties, bonuses and other monies" are to be paid based on the termination of Tonni Riley. However, because the entire verdict was based on a finding that Tonni Riley should have been terminated, the Judgment language requiring payment of future monies implicitly includes that requirement."); id. at 6-7 (stating that the Court may not construe the July 22, 1999 Judgment as suggested by Plaintiff); id. at 8 (stating that the Judgment, which "liquidated only past damages and required that future monies be paid appropriately . . . is ambiguous and must be construed by reference to the circumstances surrounding its issuance."); id. (stating that "[t]his Court is being asked to determine what the Arizona Court meant when it said that all "royalties, bonuses and other monies" under the distributorship agreement are to be paid in the future.").

ORDER - Page 5
01ORDERS\FALLOW.WPD

### III. ORDER

Based on the foregoing, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant Herbalife International, Inc.'s Corporation and Herbalife International of America Inc.'s Request for Judicial Notice (Docket No. 10) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Herbalife International, Inc.'s Corporation and Herbalife International of America Inc.'s Motion to Dismiss (Docket No. 8) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is hereby **DISMISSED IN ITS ENTIRETY**.

Dated this 25th day of May, 2001.

*[signature]*
EDWARD J. LODGE
UNITED STATES DISTRICT JUDGE

dmc

United States District Court
for the
District of Idaho
May 24, 2001


* * CLERK'S CERTIFICATE OF MAILING * *


Re:  2:01-cv-00073



I certify that a copy of the attached document was mailed to the
following named persons:


    Ford Elsaesser, Esq.
    ELSAESSER JARZABEK ANDERSON MARKS & ELLIOTT
    PO Box 1049
    Sandpoint, ID  83864

    Joseph Edward Jarzabek, Esq.
    ELSAESSER JARZABEK ANDERSON MARKS & ELLIOTT
    PO Box 1049
    Sandpoint, ID  83864

    James L Martin, Esq.
    MOFFATT THOMAS BARRETT ROCK & FIELDS
    PO Box 829
    Boise, ID  83701

    Asako Sakai, Esq.
    MORRISON & FOERSTER
    555 W Fifth St #3500
    Los Angeles, CA  90013-1024

    Mark R McDonald, Esq.
    MORRISON & FOERSTER
    555 W Fifth St #3500
    Los Angeles, CA  90013-1024



                                        Cameron S. Burke, Clerk


Date: _05.29.01_                         BY: _G. Longstreet_
                                                             (Deputy Clerk)